```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/11/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

–v–

Anthony Rodriguez,

        Defendant.

16-cr-07 (AJN)

ORDER

    The Court received the attached pro se motion for compassionate release by email. The Government shall respond to the motion by November 20, 2020. Mr. Rodriguez may file a reply by December 4, 2020.

    Mr. Rodriguez should file any further papers in this case by mailing them to the Court's Pro Se Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Rodriguez and to note the mailing on the public docket.

    SO ORDERED.

Dated: November 11, 2020
       New York, New York

                              _____
                              J. PAUL OETKEN
                              United States District Judge

                              Part I

**\* \* \* EMERGENCY MOTION-THREAT OF COVID-19 \* \* \***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      vs.                                                            Docket No. 16 Cr. 07 (AJN)

**ANTHONY RODRIGUEZ,**

      **Defendant.**
-------------------------------------------------------------X

**DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE, PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3582(c)(1)(A)(FIRST STEP ACT), AND FOR THE APPOINTMENT OF CJA COUNSEL PURSUANT TO 18 U.S.C. 3006A(a)(2)(B)**

**NOW COMES** Defendant, ANTHONY RODRIGUEZ, appearing *pro se*, and submits this Emergency Motion for Compassionate Release, pursuant to 18 U.S.C. 3582(c)(1)(A), the appointment of counsel, pursuant to 18 U.S.C. 3006A(a)(2)(B), and his immediate release on bail pending the disposition of this motion. For the reasons below, this motion should be granted.

      I.      **BACKGROUND.**

On or about December 11, 2015, Defendant was arrested on a criminal complaint filed November 13, 2015. On January 5, 2016, a grand jury sitting in the Southern District of New York indicted him on two counts of being a felon in possession of ammunition, in violation of 18 U.S.C. 922(g)(1). On November 7, 2017, Defendant entered an open plea to both counts. On May 25, 2017, the Court sentenced Defendant to 108 months imprisonment on both counts, to run concurrently. A timely appeal was taken, but the judgment was affirmed. On December 19,

2019, Defendant moved to vacate his sentence under 28 U.S.C. 2255. That motion is currently pending.

Defendant now moves for compassionate release on the grounds that there exist extraordinary and compelling reasons for reducing his term of imprisonment: (i) the imminent threat of serious bodily injury and/or death posed by his current conditions of confinement and COVID-19, (ii) **the fact that he is currently infected with the deadcly coronavirus,** and (ii) he is "actually innocent" of the offenses to which he entered an open plea of guilty on the advice of counsel, as conclusively established by the holding of the United States Supreme Court in *Rehaif v. United States, 139 S.Ct. 2191 (2019)*.

II. STATEMENT OF FACTS.

In the interest of brevity, and judicial economy, the facts relevant to the claims advanced herein, are set forth in the "Arguments" that follow.

III. ARGUMENTS.

POINT ONE

**THE CURRENT CONDITIONS OF CONFINEMENT AT F.C.I. FORT DIX PRESENTS AN IMMINENT THREAT OF DEATH OR SERIOUS BODILY INJURY FROM THE NOVEL CORONAVIRUS, PRESENTING EXTRAORDINARY AND COMPELLING REASONS TO MODIFY DEFENDANT'S 108 MONTH TERM OF IMPRISONMENT**

As a preliminary matter, district court's have granted compassionate release to many prisoners based on the threat of death or serious bodily injury posed by the coronavirus pandemic. It should be noted that your Honor has repeatedly stated that "the COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals." ***United States v. Williams-Bethea, No. 18 Cr. 78 (AJN), 2020 WL 2848098, at \*4 (S.D.N.Y. June***

*2, 2020); United States v. Stephens, No. 15 Cr. 95 (AJN), 2020 WL 1295155, at \*2 (S.D.N.Y. Mar. 19, 2020).*

Defendant is serving out his sentence at the F.C.I. Fort Dix. In recent weeks, the Federal Bureau of Prisons transferred more than 100 inmates into F.C.I. Fort Dix from F.C.I. Elkton (an institution ravaged by COVID-19). Some of those inmates advised that they had previously tested positive for the novel coronavirus. Not surprisingly, in recent days, F.C.I. Fort Dix has seen a spike in coronavirus cases with more than 200 new cases in recent days. Staff have also tested positive for the virus at the institution, making it inescapable.

A number of inmates have been tested and the results are being withheld. While social distancing was already an impossibility, F.C.I. Fort Dix staff had reduced its population by removing at least four inmates from rooms where it has previously housed twelve. However, on October 26, 2020, prison officials continued to steadily increase the population, and resumed its prior practice of packing at least twelve inmates into a single room. The end result would be produce more infected inmates.

Prison officials, with impunity, have exhibited a reckless disregard for the safety of the inmate population, and this Defendant. As a direct result of such practices, which are in stark contrast to CDC recommendations and directives, we are certain to see an ever more increasing number of COVID-19 infections, and deaths, at F.C.I. Fort Dix. Defendant is appealing to this Court to preserve his life, which he is highly likely to lose as a direct result of having become infected with the deadly virus, due to Bureau of Prisons' gross negligence and inability to protect inmates in its care. Notably, Defendant is obese – an underlying condition that makes him more susceptible to perishing from the deadly disease.

On September 9, 2020, Defendant submitted a written request to the warden of his facility requesting that a motion be filed seeking his release under 18 U.S.C. 3582(c)(1)(A), based on the risk associated with COVID-19, and his factual/legal innocence of the offense of conviction.

As of the date of this motion, Defendant has received no response from the warden or other staff regarding his request for compassionate release. The absence of any response, and the passage of thirty days, confers jurisdiction in the District Court over the instant motion. **See, 18 U.S.C. 3582(c)(1)(A)(i).** Thus, the Court should proceed to the merits of this motion and grant same.

On October 14, 2020, your Honor issued an order in **United States v. Eric Fernandez, Docket No. 12 Cr. 844-9 (AJN),** granting a motion for compassionate release and directed the immediate release of Mr. Fernandez, who was then serving out his sentence (with four years remaining to serve on that sentence) at F.C.I. Fort Dix. In so doing, the Court observed that "the worsening COVID-19 outbreak at FCI Fort Dix poses a significant risk of serious illness considering Mr. Fernandez's medical condition." It should be noted that Defendant is currently scheduled for release on June 15, 2024, and he is assigned to a housing unit that has been hard hit by the virus, and the Bureau of Prisons is requiring him to remain housed in close confines with other inmates who have tested positive for the virus, making the likelihood of recovery virtually impossible. Suffice it to say that Defendant is in the belly of the beast. Unless this Court takes immediate action to protect him from a virus that the Bureau of Prisons has taken irresponsible steps to spread within the prison walls, this Defendant is almost certain to perish. Absent swift action from this Court to ensure Defendant's safety, there is a substantial

likelihood that the definite term of imprisonment imposed will be transformed into a death sentence. The Court is clearly empowered to take such appropriate action, and to effectuate Defendant's immediate release. Indeed, it recently did just that in the case of Mr. Fernandez (as noted above) who was housed in the very same facility as this Defendant, and whose tentative release date was approximately four months longer than this Defendant. Under these circumstances, the Court should grant this motion.

## POINT TWO

**THE COURT SHOULD MODIFY THE TERM OF IMPRISONMENT, BY REDUCING IT TO TIME-SERVED, INASMUCH AS DEFENDANT WAS UNAWARE THAT HIS STATUS AS A FELON PROHIBITED HIM FROM POSSESSION AMMUNITION, AND HIS CONTINUED CONFINEMENT DESPITE HIS ACTUAL INNOCENCE PRESENTS AN EXTRAORDINARY AND COMPELLING REASON TO REDUCE DEFENDANT'S SENTENCE**

This Court has jurisdiction, pursuant to 18 U.S.C. 3582(c)(1)(A), to grant the relief sought here. To be sure, a sentence of imprisonment may be modified in limited circumstances. ***Dillon v. United States, 500 U.S. 817, 824 (2010).*** Under Section 3582(c)(1)(A), a district court may reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the sentencing factors set forth in 18 U.S.C. 3553(a), to the extent they are applicable, warrant a reduction.

In 2018, Congress passed and the President signed into law the First Step Act, which ushered in criminal-justice reform and "amend[ed] numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." ***United States v. Brown, 411 F.Supp.3d 446, 448 (S.D. Iowa 2019)(citing Cong. Research Serv. R45558, The***

***First Step Act of 2018: An Overview 1 (2019)).*** As part of those efforts, Congress amended the compassionate release statute by adding a provision that allows defendant to seek relief directly from the courts by filing motions for compassionate release, after requesting such relief from the warden of his/her institution. 18 U.S.C. 3582(c)(1)(A). The change to the compassionate release statute gives district courts "the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner." ***United States v. Young, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020)*** Before filing a motion with the court, a defendant must fully exhaust his administrative remedies with the BOP. However, if a Defendant makes a request to the Warden of his/her institution, and more than 30 days has lapsed with no response, a defendant may proceed directly to court. As noted, on September 9, 2020, Defendant requested (in writing) of the warden at his facility that a motion be made for his compassionate release in light of his being actually innocent of the offenses of conviction. No response to that request has been provided, and more than thirty days has lapsed since the written request was placed in the secure outgoing mailbox within Defendant's housing unit. In the interim, the Defendant has contracted the deadly coronavirus. Thus, this Court has the authority to consider Defendant's claim on the merits. Although the Court may consider Defendant's motion for compassionate release on the merits, and may grant that motion if it finds "extraordinary and compelling reasons," Congress has never defined "extraordinary and compelling reasons," except to state that "[r]ehabilitation of a defendant *alone*" is not enough. 28 U.S.C. 994(t) (emphasis added). Rather, Congress delegated to the U.S. sentencing Commission the duty to "describe what should be considered extraordinary and compelling

reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *Id.*

The Sentencing Commission, in turn, issued a policy statement doing so, albeit prior to the passage of the First Step Act. <u>See</u>, *U.S.S.G. 1B1.13.* The policy statement requires that the defendant no longer be a "danger to the safety of any other person or the community," and in application notes it lists specific examples of "extraordinary and compelling reasons." These examples include (1) medical conditions of the defendant, (2) age of the defendant, and (3) family circumstances. *Id. Cmt. n. 1(A) – (C).* The application notes also provide a fourth "catchall provision," which states that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the three enumerated reasons. *Id. cmt. n.1(D).*

Since the passage of the First Step Act, the Sentencing Commission – which currently lacks a quorum – has yet to update its policy statement. At least one part of the policy statement clearly conflicts with the amended compassionate release statute. Specifically, the first sentence of Section 1B1.13 limits the application of the policy statement to motions filed by the Director of the BOP. *See, id.* ("*Upon motion of the Director of the [BOP] … the court may reduce a term of imprisonment . . . ."); United States v. Ebbers, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020)(explaining "statement is at least partly anachronistic").* In the wake of the U.S. Sentencing Commission's failure to amend Section 1B1.13 to conform with the First Step Act, a majority of district courts have concluded that "[w]hile the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction." *United States v. Beck,*

*425 F.Supp.3d 674, 681 (N.D. Cal. 2019); see also United States v. Clausen, 2020 WL 4260795, at \* (E.D. Pa. July 24, 2020)(granting, in part, motion for compassionate release based on finding that multiple consecutive sentences imposed on firearm convictions presented extraordinary and compelling reasons to modify sentence)(motion fully granted, and defendant sentenced to time-served on August 10, 2020); and United States v. Andrews, Docket No. 05-CR-280-02 (ER)(ED. Pa. Aug. 19, 2020)(wherein this Court opined that "risk of contracting a serious illness" – such as COVID-19 – and harm associated with unlawful sentence of imprisonment, present extraordinary and compelling reasons for granting compassionate release).*

The Second Circuit recently emphatically stated as much, and held that a district courts have "discretion to consider whether any reasons are extraordinary and compelling," and that "[n]either Application Note 1(D), nor anything else in the now-outdated version of the [U.S. Sentencing Commission] Guideline [section] 1B1.13, limits the district court's discretion" to do so. **United States v. Brooker, No. 19-3218, 2020 WL 5739712, at \*7 (2d Cir. Sept. 25, 2020).** A "district court's discretion in this area – as in all sentencing matters – is broad." **Id. at \*8**. Thus, tis Court has unfettered discretion in its assessment of what is, or what is not, "extraordinary and compelling," for purposes of adjudicating this motion.

Defendant respectfully submits that he is actually innocent of violation 18 U.S.C. 922(g)(1), by possessing ammunition, and that the Court should find that his actual innocence – as brought to light through the recent U.S. Supreme Court holding in *Rehaif v. United States, 139 S.Ct. 2191 (2019)*, compels a finding of "extraordinary and compelling" reasons warranting a reduction in the term of imprisonment imposed, despite the guilty plea.

In *Rehaif,* the Supreme Court held that "in a prosecution under 18 U.S.C. 922(g)and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he *knew* he belonged to the relevant category of persons barred from possessing a firearm." *139 S.Ct.at 2200.* As a matter of, Defendant was oblivious to the fact that individuals convicted of a felon offense, are prohibited from possessing ammunition. At no time during the plea did the Government contend that Defendant was aware his status barred him from possessing ammunition, and the record is devoid of an admission to such. Further, the Government could not prove that Defendant knew he was part of a class prohibited from possessing ammunition, because Defendant lacked such knowledge.

Based on representations by counsel, at the time of the plea, Defendant believed that the Government need only prove that he had a felony conviction and knowingly possessed ammunition that had crossed state lines. Following the issuance of the decision in *Rehaif*, Defendant now knows that he is actually innocent.

It should require no citation of authority to say that the continued incarceration of a an actually innocent United States citizen presents both extraordinary and compelling reasons to issue an order discharging that citizen from custody. Defendant respectfully requests that the Court do so here.

Indisputably, the Court may consider this motion on the merits, and grant this motion should it find, in its discretion, that extraordinary and compelling reasons warrant a reduction in the term of imprisonment currently being served.

    **IV.**    **CONCLUSION.**

Defendant having demonstrated that extraordinary and compelling reasons exists justifying the modification of his sentence inasmuch as (1) he has contracted the deadly coronavirus, and is at risk of dying from it, and (2) he is actually innocent of violating Section 922(g)(1), an order modifying his sentence should issue in the interest of justice.

**WHEREFORE,** Defendant prays that the Court will (1) appoint counsel, (2) order Defendant released on bail pending the disposition of this motion on the merits, and (3) modify the term of imprisonment by reducing that term to "time-served," in the interest of justice.

Dated: Fort Dix, New Jersey
**November 5, 2020**

Respectfully submitted,

/s/ *Anthony Rodriguez*

_____
**ANTHONY RODRIGUEZ
REGISTER NO. 63385-066
F.C.I. FORT DIX (WEST)
P.O. BOX 2000
JOINT BASE MDL, NEW JERSEY 08640**

## V.     CERTIFICATE OF SERVICE.

This shall serve to certify that the undersigned has served/caused to be served upon the Office of the United States Attorney for the Southern District of New York at One Saint Andrew's Plaza, New York, New York 10007, a true and correct copy of the Emergency Motion for Compassionate Release, on this 5th day of November, 2020, by placing same in the United States Mail, postage prepaid.

/s/*Anthony Rodriguez*

_____
**ANTHONY RODRIGUEZ**