UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Rodriguez,

      Petitioner,

–against–

United States of America,

      Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/7/21

16-cr-00007 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

  Petitioner Anthony Rodriguez moves pursuant to 28 U.S.C. § 2255 for the Court to vacate his conviction and sentence for violation of 18 U.S.C. § 922(g) on the grounds that they were not authorized by law. For the reasons stated below, that motion is DENIED.

**I. BACKGROUND**

  In November 2015, Petitioner was charged in a one-count complaint of possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Dkt. No. 1. A Grand Jury subsequently returned an indictment in January 2016, charging Petitioner with two counts of violating 18 U.S.C. § 922(g). Dkt No. 5. The charges stemmed from Petitioner's participation in two shootings in the Bronx on July 22, 2014 and October 26, 2015. *Id*. Surveillance video captured both incidents in detail. Dkt. No. 36 at 5–6. His predicate felony conviction was for a 2013 state conviction in New York Supreme Court for attempted second-degree criminal possession of a weapon in violation of N.Y. Pen. L. § 265.03(3). Dkt. Nos. 54-1, 52-1 at 6. Under New York's sentencing scheme, Petitioner received a one-year sentence as a

"low-level offender[]," even though the possible punishment for the violation was more than one year.  Dkt. No. 49 at 9 (citing N.Y. Pen. L. § 70.00).

Petitioner subsequently pled guilty to the Indictment without the benefit of a plea agreement on November 7, 2016.  *See generally* Dkt. No. 24.  During the plea proceeding, the Government outlined the elements of the offense, including that "the defendant had previously been convicted of a crime punishable by a term of imprisonment of greater than one year." *Id.* at 9.  Petitioner confirmed that he understood the elements of the offense, *id.* at 9–10, and admitted to: pleading guilty in 2013 "in Bronx County supreme court to attempted criminal possession of a weapon in the second degree, a class D felony," possessing ammunition on July 22, 2014, in the Bronx, and possessing ammunition and a firearm on October 26, 2015, in the Bronx.  *Id.* at 18.  The Court further confirmed that Mr. Rodriguez was aware he was possessing the ammunition and/or firearm on each date.  *Id*.  The Court subsequently sentenced Mr. Rodriguez to 108 months' imprisonment, applying the attempted murder in the first-degree guideline, Section 2A2.1(a)(1).  Dkt. No. 36 at 17–18, 30–31.

Petitioner appealed his sentence, arguing that the Court had erred in applying the attempted murder in the first-degree guideline.  The Second Circuit rejected this appeal and affirmed this Court's judgment on October 26, 2018.  Dkt. No. 38.

On December 19, 2019, Petitioner filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255, arguing that he had not been charged with nor admitted to an essential element of each count—that he knew his felony status at the time of the offense. Dkt. No. 39.  This Court appointed counsel, who then subsequently filed a supplemental memorandum of law in support of the motion.  Dkt. No. 49.  The Government opposed the motion on July 15, 2020, Dkt. No. 50, and Mr. Rodriguez filed a counseled reply on July 23, Dkt. No. 51.  After facing delays in

2

gathering documentation due to the Covid-19 pandemic, the Government subsequently filed the plea transcript, sentencing transcript, and the Information from Petitioner's 2013 state felony conviction on July 24, August 3, and October 7, 2020, respectively. Dkt. Nos. 52–54. Mr. Rodriguez filed three counseled letters of supplemental authority between December 2020 and June 2021. Dkt. Nos. 70–72.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a petitioner "may move the court which imposed [petitioner's] sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Relief under Section 2255 is available 'only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Rosario Figueroa v. United States*, No. 16-CV-4469 (VEC), 2020 WL 2192536, at *2 (S.D.N.Y. May 6, 2020) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).

"In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.* (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998)).

## III. DISCUSSION

Section 922(g) prohibits certain persons from possession of ammunition or firearms—as relevant here, "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). In *Rehaif v. United States*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the

3

Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019).  Mr. Rodriguez contends that his conviction and sentence must be vacated because he pled guilty to a violation of § 922(g) "despite his never being charged with or admitting" that he knew he had been convicted of a crime punishable for a term exceeding one year, an essential element of the offense per *Rehaif*.  Dkt. No. 49 at 7.  Moreover, if he had been properly informed of this essential element, it is likely he would not have pled guilty.  *Id.* at 8–9.

Petitioner failed to raise this argument either before he pled guilty or on direct review; thus, he must establish cause and prejudice.  Although the Court agrees that Petitioner has established cause for his failure to raise the claim, he fails to establish actual prejudice resulting from this error.

Cause exists when the Supreme Court "overturn[s] a longstanding and widespread practice to which th[e] Court ha[d] not spoken, but which a near-unanimous body of lower court authority had expressly approved." *Reed v. Ross*, 468 U.S. 1, 17 (1984).  As explained by the Second Circuit, before *Rehaif*, "a conviction under § 922(g) did not require that the defendant knew he belonged to one of the prohibited classes when he knowingly possessed the firearm or ammunition." *United States v. Bryant*, 976 F.3d 165, 172 (2d Cir. 2020), *cert. denied*, No. 20-7300, 2021 WL 2519332 (U.S. June 21, 2021) (noting that "the Supreme Court changed the legal landscape").  Indeed, in his dissenting opinion, Justice Alito critiqued the Court for "overturn[ing] the long-established interpretation of an important criminal statute, 18 U.S.C. § 922(g), an interpretation that ha[d] been adopted by every single Court of Appeals to address the question." *Rehaif*, 139 S. Ct. at 2201 (Alito, J., dissenting).

The Court is not persuaded by the Government's reliance on *Waring v. United States*, which found a petitioner failed to demonstrate cause in his challenge to his § 922(g) conviction. *See* No. 17 Cr. 50 (RMB), 2020 WL 898176, at *2 (S.D.N.Y. Feb. 25, 2020). That case failed to consider Justice Alito's dissent finding that the "Supreme Court's decision in *Rehaif* overturned an interpretation of 18 U.S.C. § 922(g) that had 'been adopted by every single Court of Appeals to address the question.'" *Rosario Figueroa*, 2020 WL 2192536, at *5 (quoting *Rehaif*, 139 S. Ct. at 2201 (Alito J., dissenting)). The Court finds *Rosario Figueroa*'s analysis more persuasive for that reason. *Id.* (finding cause for failure to raise an identical claim as the instant case). In sum, Mr. Rodriguez sufficiently establishes cause for not raising his claim before his guilty plea or on direct appeal.

Mr. Rodriguez fails, however, to establish that he was actually prejudiced by this error. To establish prejudice, a petitioner "must establish that the errors worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) (cleaned up).

Petitioner argues that it is likely that he would not have pled guilty if he had been advised of the *mens rea* element because at "the time of the possession at issue here, Rodriguez had previously been sentenced to a term of one year, right at the threshold between misdemeanor and felony sentences." Dkt. No. 49 at 9. While Petitioner concedes that "it is the potential term of imprisonment that counts," he contends that his one-year imprisonment term would not have put a "layperson," like himself, on notice that he belonged to one of the prohibited classes under § 922(g). *Id*. In further support, he notes that his 2013 sentence for violating N.Y. Pen. L. § 265.03(3), a class D felony, was reduced to a year under N.Y. Pen. L. § 70.00. He argues that

this "peculiarity in New York's sentencing scheme for weapons-possession crimes" could have created "further confusion" over his felon status. *Id*.

These arguments are unpersuasive in light of the clear record evidence showing that Mr. Rodriguez was advised in 2013 that he was pleading guilty to a felony that carried a maximum punishment of seven years' imprisonment. During his plea proceeding in February 2013, the state court judge advised Mr. Rodriguez several times that he was pleading guilty to a class D felony, and Mr. Rodriguez confirmed that he understood. Dkt. No. 52-1 at 3–4, 11, 12[1]; *see also* Dkt. No. 54-1 at 4 (state court Information signed by Mr. Rodriguez stating count as an "armed felony"). More importantly, the court clearly stated that Mr. Rodriguez could face "up to *seven years* in State prison" if he failed to satisfy certain conditions during the time between his plea and sentencing date. Dkt. No. 52-1 at 8.[2] Mr. Rodriguez confirmed that he understood. Dkt. No. 52-1 at 8.[3]

---

[1] Court: "Now, do you also understand once you're sentenced on this case, you will have a *felony* conviction on your record. And should you commit another *felony* in the future, you're subject to increased punishment, increase sentence as a result of this *felony* conviction; do you understand?"

Mr. Rodriguez: "Yes." Dkt. No. 52-1 at 11 (emphasis added).

[2] Court: "Do you understand that if you violate either one of those conditions, meaning if you don't fully cooperate with the department of probation or you commit any new crimes between now and the date of sentence, this [sic] promise sentence is gone and you could receive up to *seven years* in State prison; do you understand?"

Mr. Rodriguez: "Yes." Dkt. No. 52-1 at 8 (emphasis added).

[3] As noted above, the Government could not submit documentation of Mr. Rodriguez's 2013 state conviction until after briefing completed due to delays stemming from the Covid-19 pandemic. The parties' original briefing focused on Mr. Rodriguez's plea allocution before this Court where he admitted that, in 2013, he had pled guilty to a state felony. Dkt. No. 24 at 18. The Government argued this allocution, combined with the fact that the state conviction was "mere months before his conduct underlying the charges in the Indictment began," meant that Petitioner was unable to demonstrate prejudice. Dkt. No. 50 at 15–16. Petitioner argued this plea allocution was insufficient because it only demonstrated that he knew of the prior felony at the § 922(g) plea hearing. It shed no light on his knowledge of his status *at the time of the offense*. Dkt. No. 51 at 2. In the context of a direct appeal, the Second Circuit has determined that this sort of plea statement "cannot serve as a basis to conclude that [the defendant] would have pleaded guilty absent error." *United States v. Johnson*, 820 F. App'x 29, 33 (2d Cir. 2020) ("[S]uch statements merely show that Johnson was aware *at the time of his plea hearing* of his status as a felony under § 922(g)(1), not that he was aware at the time of his possession of a firearm."). Although Mr. Rodriguez's plea statement is insufficient to demonstrate that he knew his status at the time of the offense, he still fails to establish that he suffered an "actual and substantial disadvantage" due to the error, *Torres*, 316 F.3d at 152, in light

Thus, "this situation is not akin to the hypothetical situation that concerned the Supreme Court in *Rehaif*, where a defendant received a sentence of probation on the prior felony and might not have understood that the maximum punishment for the crime was more than one year, especially if he had gone to trial on the prior felony (and thus may have lacked the opportunity for the court to ever explain the maximum penalty to the defendant at, for example, a guilty plea proceeding.)" *Bryant*, 976 F.3d at 176. In *Bryant*, the Second Circuit found that a defendant was aware of his felony status at the time of his § 922(g) conduct because the state court judgment made clear that defendant "*fully understood* the nature and effect of his plea and of *the penalties that may be imposed upon his conviction*" and defendant was present for the plea proceeding. *Id*. Petitioner argues *Bryant* is distinguishable because the instant "record is silent as to whether such a fulsome inquiry was made in connection with Mr. Rodriguez's prior conviction." Dkt. No. 70 at 2. However, this argument fails to even acknowledge the record evidence noted above, which shows that Mr. Rodriguez was clearly informed and understood that he faced a maximum penalty of seven years' imprisonment. *See* Dkt. No. 52-1 at 8. Thus, like *Bryant*, the record evidence "removes any doubt that [Petitioner] was aware of his membership in § 922(g)(1)'s class" at the time the offense conduct was committed. *Bryant*, 976 F.3d at 175–76 (quoting *Miller*, 954 F.3d at 560).

Finally, Mr. Rodriguez previously requested a hearing on the grounds that the factual record had not been developed. Dkt. No. 51 at 4. The day after that request, the Government filed documentation of Mr. Rodriguez's 2013 state plea and conviction. Without acknowledging these documents, defense counsel again raised in a supplemental letter that an evidentiary

---

of the state documentation demonstrating that he understood in 2013 that he was convicted of a felony carrying a maximum punishment of seven years' imprisonment.

7

hearing is necessary "now that Mr. Rodriguez has the burden of 'mak[ing] a case-specific showing that the error affected his substantial rights.'" Dkt. No. 72 at 3 (quoting *Greer v. United States*, 141 S. Ct. 2090, 2101 (2021) (Sotomayor, J., concurring in part, dissenting in part, and dissenting from the judgment)). The record evidence before the Court demonstrates that Mr. Rodriguez would be unable to make such a showing even if a hearing were held, and thus the Court denies his request for a hearing.

In sum, while Petitioner has established cause for the procedural default, he has failed to establish actual prejudice. Accordingly, his claim is dismissed as procedurally defaulted.

## IV. CONCLUSION

For the reasons stated above, Mr. Rodriguez's motion to vacate his conviction and sentence under § 2255 is DENIED. This resolves Dkt. No. 39.

As Mr. Rodriguez "has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue." *Perez v. United States*, No. 04-cv-7148 (JSR), 2007 WL 685949, at* 1 (S.D.N.Y. Jan. 29, 2007) (citing 28 U.S.C. § 2253). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 7, 2021
New York, New York

ALISON J. NATHAN
United States District Judge